LOSIE A. SWARTHOUT AND JOHN A. COLE, APPEL-
LANTS, *v.* MORRIS R. MERCHANT AND J. WARREN
MERCHANT, RESPONDENTS.

*Sale on credit — evidence of intent to defraud.*

An intent to defraud cannot be imputed to a purchaser of property on credit merely from the facts that such purchaser was, to his own knowledge, insolvent at the time of the purchase and that he omitted to disclose such condition to the vendor.

In order to maintain an action of replevin to recover goods sold on the ground of fraud, such evidence must be accompanied by facts disclosing an intent to acquire the property without paying for it.

The intention can no more be inferred from the mere fact of insolvency than the fact of insolvency can be inferred from the existence of an intention not to pay.

Appeal from an order denying a motion for a new trial after a judgment in favor of the defendants, entered upon the verdict of a jury at the Onondaga Circuit, and to set aside the verdict in said action upon the exceptions taken.

*Tousley & Bailey*, for the appellants.

*D. S. Richards*, for the respondents.

Martin, J. :

This action was replevin. By it the plaintiff sought to recover certain goods sold by them to the defendant, Morris R. Merchant, about August 21, 1884. The plaintiffs attempted to avoid the sale on the ground of fraud. Their claim was that the defendant Morris R. Merchant purchased these goods with the intent and preconceived design of not paying for them. There was neither claim nor proof that he was guilty of any other fraud or false representation that would justify a recovery in this action.

On the trial a verdict was directed for the defendants. This direction was based on the theory, that the evidence was insufficient to justify the submission of the question of fraud to the jury. The correctness of that determination is the question involved on this appeal.

Fraud is a question of fact and should generally be submitted to the jury. But it should be submitted to them upon competent and sufficient proof. Where there is no evidence to justify a finding of fraud, the question is not for the jury but for the court, and a nonsuit or direction of a verdict is proper. (*Macullar* v. *McKinley*, 99 N. Y., 353, 357.) An intent to defraud cannot be imputed to a purchaser of property on credit, merely from the facts that he was to his knowledge insolvent at the time of the purchase, and that he omitted to disclose such condition to his vendor. These must be accompanied by facts disclosing an intent to acquire the property without paying for it. "The intention not to pay can no more be inferred from the mere fact of insolvency, than the fact of insolvency can be inferred from the existence of an intention not to pay." A party seeking to establish a cause of action against another based upon an alleged fraud, must show affirmatively facts and circumstances necessarily tending to establish a probability of guilt. If the

evidence is capable of an interpretation equally consistent with innocence as with guilt, the former meaning must be given to it. (*Morris* v. *Talcott*, 96 N. Y., 100, 107, 108 ; *People's Bank* v. *Bogart*, 81 id., 101, 108 ; *Shultz* v. *Hoagland*, 85 id., 464.)

The evidence in this case discloses the fact that the goods were purchased by the defendant, Morris R. Merchant, at the earnest and persistent solicitations of the plaintiff ; that such defendant did not desire to make the purchase ; that the goods were urged upon him after a "good deal of holding off." The evidence wholly fails to show any fact or circumstance attending the sale, which evinces or tends to show any intent or preconceived design, on the part of such defendant, to purchase and not to pay for the goods in controversy. But it is said that the defendant, Morris R. Merchant, was insolvent at the time; that he must have known of his insolvency, and that the evidence tended to show that the defendant named was engaged, at or about the same time, in other frauds similar to that charged against him in this action. If it were conceded that such defendant was insolvent at the time of the purchase of the goods in question, and that it was known to him, still as we have already seen an intent to defraud could not be imputed to him from those facts. Moreover, an examination of the evidence fails to show either that the defendant was engaged in the commission of other frauds similar to that charged in this action, or that such defendant made the purchase in question with an intent or preconceived design of not paying for the goods purchased. The evidence was, we think, insufficient to present a question of fact for the jury, and the court properly directed a verdict for the defendants.

The order appealed from should be affirmed, with costs.

HARDIN, P. J., and FOLLETT, J., concurred.

Judgment and order affirmed, with costs.